IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) TIFFANY BROWN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Civil Action No. | CIV-18-115-D |
| v. | ) | | |
| | ) | | |
| (1) WILLOW WALK APTS., LLC, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, TIFFANY BROWN, files this action against Defendant, WILLOW WALK APTS., LLC, and by way of complaint against Defendant alleges the following:

**I. Nature of Action**

1.1   This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the termination of Plaintiff's employment. The action specifically seeks to enforce rights created under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.* and Oklahoma's Anti-discrimination Act ["OADA"]. As redress for Defendant's violation of the ADA and OADA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, punitive and/or liquidated damages, damages for emotional distress and attorney fees and costs.

## II. Jurisdiction and Venue

2.1     Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(c).

2.2     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.3     At all relevant times, Defendant has continually been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5) and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7).

2.4     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

2.5     This Court has pendent jurisdiction of the state law claim brought under Oklahoma law since all of Plaintiffs' claims arise from a common nucleus of operative facts and are so intertwined as to make the Court's exercise of pendent jurisdiction reasonable.

2.6     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.  Plaintiff filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission against Defendants.  On November 14, 2017

the EEOC issued to Plaintiff a Notice of Right to Sue against and this suit is instituted within the 90-day deadline contained within the notice.

### III.   Parties

3.1    Plaintiff is a female citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2    Defendant WILLOW WALK APTS., LLC is a domestic limited liability company registered to do business in the State of Oklahoma.  Process may be served upon its duly authorized agent: Barbara Stone, 3808 N. Ann Arbor Avenue, Oklahoma City, OK  73122.

### IV.   Background Facts

4.1    Defendant owns and/or operates a commercial apartment complex in Oklahoma City.  On or about June 27, 2017 Defendant hired Plaintiff for the full-time position of Apartment Manager.  Plaintiff always met or exceeded her performance standards.

4.2    Prior to her hire, Plaintiff was treating a neck and shoulder injury with chronic pain.  As part of her pain management, she was prescribed a regimen of pain medication by her physician while she was being evaluated by specialist for possible surgical intervention.  As required for opioid regimens, she entered into a pain management agreement with her health care provider, requiring, among other things, random testing.  Plaintiff passed all tests and met all conditions of her pain management agreement.

4.3    During the interview for the position, Plaintiff reported to Barbara Stone, Area Manager, her medication of hydrocodone for pain management. Plaintiff was being

considered a candidate to replace the retiring apartment manager, Terrie Hudson. Ms. Stone selected Plaintiff to fill the position and Ms. Hudson assisted in training Plaintiff before her retirement.

4.4     On or July 12, 2017, a few weeks in her training with Ms. Hudson, Plaintiff replayed on the speaker of her cellular phone a recording from her pharmacy advising that her prescription for hydrocodone was ready. Later that day, Ms. Hudson inquired with Plaintiff as to the reason for the medication. Plaintiff told her for an injury.

4.5     The next day, Ms. Hudson expressed to Plaintiff her fear of abusing the medication and fear of the uncertainty created if her medication was unavailable. She further interrogated her regarding the reason for taking the medication and expressed concern that Plaintiff was an addict abusing the medication. Plaintiff assured her that she was able to work, does not abuse the medication, is not an addict and has passed all random tests.

4.6     The next day, on or about Friday, July 14, 2017, Ms. Hudson terminated Plaintiff's employment immediately for "self-admitted drug addiction". She then handed are letter of termination stating the basis to termination was: 1. Your addiction to drugs/pain killers. 2. Not keeping the office organized, documents filed per company policies. 3. Not able to discuss issues with residents in a respectful manner.

4.7     At her termination, Plaintiff was in training and had never been warned or advised of any performance deficiencies.

## COUNT I:  ADA and Oklahoma's Anti-Discrimination Act

5.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.7 of this Original Complaint.

5.2     Plaintiff was "regarded as having such an impairment" by Defendant within the meaning of 42 U.S.C. § 12102.(2)(C) and/or Plaintiff has a "record of such an impairment" within the meaning of (2)(B).

5.3     Defendant willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of a perceived disability in the terms or conditions of her employment by terminating Plaintiff's employment.  By engaging in such conduct, Defendant violated § 12112(a) and Oklahoma's Anti-Discrimination Act, which makes it an unlawful employment practice for an employer to discriminate against any person with respect to hiring, discharge and other terms, conditions, and privileges of employment because of a disability or being regarded as disabled.

5.4     As a direct and proximate result of Defendant's violation of the ADA and Oklahoma's Anti-Discrimination Act, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including salary and employee benefits, she would have received as an employee of Defendant had she not been discharged in violation of the ADA and Oklahoma's Anti-Discrimination Act.

5.5     As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

5.6   Defendant engaged in the conduct alleged herein with malice and reckless indifference to the protected rights of Plaintiff.

5.7   As a direct and proximate cause of the violations of the ADA and Oklahoma's Anti-Discrimination Act as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Prayer for Relief**

WHEREFORE, PLAINTIFF prays that this Court:

1.   A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the ADA and Oklahoma's Anti-Discrimination Act.

2.   An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.   A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits she would have received had she not been terminated by Defendant in violation of the ADA and Oklahoma's Anti-Discrimination Act.

4.   An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, she would have enjoyed had she not been terminated by Defendant in violation of the ADA or Oklahoma's Anti-Discrimination Act, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, she would have received, from

the date of judgment through the date she would have retired or resigned from employment at Defendant.

5. A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct under the ADA and Oklahoma's Anti-Discrimination Act.

6. A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for their unlawful conduct.

7. A judgment against Defendant awarding Plaintiff liquidated damages for the wage and/or benefit loss arising from the termination.

8. A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

9. A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

10. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

    Respectfully submitted,

    S/Jeff Taylor
    Jeff A. Taylor
    State Bar No. 17210
    The Offices at Deep Fork Creek
    5613 N. Classen Blvd.

        Oklahoma City, OK  73118
        Telephone:   (405) 286-1600
        Facsimile:   (405) 842-6132

        ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

        s/ Jeff A. Taylor
        Jeff A. Taylor